UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ADAM GUILLORY<br>BRIDGET GUILLORY | CIVIL ACTION NO. 08-0811 |
| VS. | JUDGE TO BE ASSIGNED |
| HOUSBY MACK, INC.<br>SENTRY SELECT INS. CO.<br>JOSTIN CHARLES HILTS | MAGISTRATE JUDGE METHVIN |

### ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This diversity case was filed directly in federal court, under 28 U.S.C. §1332. A review of the complaint, however, shows that the plaintiffs' allegations with respect to the jurisdictional amount are insufficient.

Plaintiffs allege that on July 6, 2007 their vehicle was rear-ended by the tractor trailer truck driven by defendant Jostin C. Hilts in the course and scope of his employment for defendant Housby Mack, and insured by Sentry Select Ins. Co. and other unknown insurers.

Adam Guillory alleges he suffered serious and significant injuries to his neck, mid and lower back and to his body as a whole as a result of the accident. Bridget Guillory alleges she suffered serious injuries to her neck, back, shoulders and body as a whole. Plaintiffs allege that the damages to their cervical and lumbar spines have necessitated numerous office visits, tests, including cervical and lumbar MRI's, physical therapy, injections, and other medical procedures. Plaintiffs contend their damages are in excess of $75,000.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir.1998). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the

claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), cert. denied, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). To justify dismissal in a case in which the plaintiff claims a determinate amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303 U.S. at 289, 58 S.Ct. at 590. However, bare allegations of jurisdictional facts are insufficient to establish federal court jurisdiction. St. Paul Reinsurance, supra, 134 F.3d at 1253, citing, Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 566 (5th Cir.1993), cert. denied, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).[1]

In the case at bar, although plaintiffs alleges that they have sustained physical and mental injuries, they have not adequately supported their claim that they are entitled to damages exceeding $75,000.00. Therefore, plaintiffs have not supported their claims that the jurisdictional amount is met.

IT IS THEREFORE ORDERED that *on or before March 25, 2009*, plaintiffs shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. Relevant jurisdictional facts which should be included in the response to this Order include the following: (1) a description of the nature and severity of plaintiffs' injuries; (2) plaintiffs' diagnoses, including whether surgery was recommended or had

---

[1] Asociacion was a removed case in which the petition stated in a conclusory fashion that the matter in controversy met the jurisdictional amount. The Fifth Circuit has held that case law in removed cases regarding §1332's jurisdictional amount requirement is "instructive" in analyzing similar issues in diversity cases filed directly in federal court. St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253 (5th Cir.1998).

been performed; (3) if surgery was performed, the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the time of removal; (6) estimate of the dollar amount of medicals which plaintiffs will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred; (8) lost wages which plaintiffs will probably incur in the future based upon the medical diagnosis; and (9) citations to caselaw involving similar facts which reflect verdicts in the amount of $75,000.00 or more. These facts should be presented in summary-judgment-type evidence.

Defendants will be allowed ten days to reply to plaintiffs' arguments.

Signed at Lafayette, Louisiana on ~~February~~ March 3, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155